# EXHIBIT A

Jury

| AOC-105<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice  www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | JEFFERSON CIRCUIT COURT<br>DIVISION TEN (10)<br>Case No. 15-CI-06535<br>Court ☒ Circuit ☐ District<br>County  Jefferson |
|---|---|---|

**PLAINTIFF**

Jennifer     Stuart
2920 Harrison Heth Road SW

Corydon     Indiana     47112

VS.

**DEFENDANT**

Zielke Law Firm, PLLC
462 S. Fourth St., Ste. 1250

Louisville     Kentucky     40202

Service of Process Agent for Defendant:
Laurence     J.     Zielke
462 S. Fourth St., Ste. 1250

Louisville     Kentucky     40202

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC 29 2015, 2____    DAVID L. NICHOLSON, CLERK    Clerk
By: _D. Saylor_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____

Served by: _____

_____ Title

NO. **15 CI 06535**

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____

JENNIFER STUART     PLAINTIFF

VS.     **VERIFIED COMPLAINT**

ZIELKE LAW FIRM, PLLC     DEFENDANT
462 S. Fourth St.
Suite 1250
Louisville, KY 40202

SERVE:     REGISTERED AGENT
LAURENCE J. ZIELKE
462 S. Fourth St., Suite 1250
Louisville, KY 40202

*****

Comes, the Plaintiff, Jennifer Stuart, by counsel and for her Complaint and states as follows:

## PARTIES

1. Plaintiff, Jennifer Stuart (hereinafter "Stuart"), is a resident of Corydon, Harrison County, Indiana.

2. Defendant, Zielke Law Firm, PLLC (hereinafter "Zielke Law Firm"), is a Professional limited liability company, incorporated in 2007, with offices located at 462 S. Fourth Ave., Suite 1250, Louisville, Jefferson County, Kentucky. Laurence J. Zielke is the registered agent.

3. Plaintiff, Stuart, was employed at the Zielke Law Firm from 2009 until late 2014.

1

## JURISDICTION AND VENUE

4. The Court has exclusive jurisdiction over the parties, Stuart's claims and causes of action seeking damages in excess of the jurisdictional requirements, pursuant to KRS 23A.010 and KRS 24A.120(1).

5. The proper venue is Jefferson County, Kentucky, the residence of the Defendant and the county in which the injury occurred, pursuant to KRS 452.460(1).

## PLAINTIFF'S ALLEGATIONS

6. On or about February 2009, Stuart accepted employment with the Zielke Law Firm as the paralegal/legal secretary to Laurence J. Zielke and other Members and Associates of the Zielke Law Firm. Stuart's duties included assisting in the preparation of correspondence, motions, memorandums, appellate briefs, other legal documents. Stuart's duties also included the preparation and dissemination of pre and post billing statements for all firm employees and distribution of the same to all clients for payment for services rendered.

7. During the course of her employment, particularly from 2012 through late 2014, Stuart became aware of unethical and or illegal business practices engaged in by the Zielke Law Firm. Those practices included billing time for which work was not done, billing time far in excess of the time actually worked by the lawyer, Members claiming Associate attorney's billable time as their own, Members claiming time actually performed by staff as their own and submitting bills to clients at significantly higher rates. Plaintiff is also aware of the falsification of expenses to clients wherein clients were billed for items that were not proper expenses or that were extremely inflated. Finally, Stuart is aware of instances in which acts by Members of the firm may have violated federal laws.

8. Stuart questioned Members of the Zielke Law Firm about the aforementioned

2

issues. Members of the firm including Laurence J. Zielke, Nancy Schook, John Dwyer and Janice Theriot repeatedly told Stuart that nothing unethical or illegal occurred.

9. On or about October 2014, Member Laurence J. Zielke requested Stuart to copy and mail a transcript of a deposition to counsel in a matter that was in litigation. Stuart informed Laurence J. Zielke that the deposition transcript indicated that it was a copyrighted document and copying the same would be a violation of federal copyright law. Stuart refused to make a copy of the deposition.

10. Laurence J. Zielke informed Stuart that she was being insubordinate and should do what he requested. Stuart remained steadfast and did not make a copy or mail the deposition transcript. After this incident the relationship between Laurence J. Zielke and Stuart significantly deteriorated.

11. From October through December 2014 Stuart was treated differently than other employees and did not receive similar work related benefits as other employees.

12. On or about December 30, 2014 Stuart's employment with the Zielke Firm was terminated in retaliation for her refusal to violate the law as set forth above.

13. Upon information and belief, Members of the Zielke Law Firm PLLC, including Laurence J. Zielke, John Dwyer and Janice Theriot, conspired to retaliate against Stuart by terminating her employment.

14. Based upon information and belief Stuart's termination was in retaliation for her inquiries about unethical and illegal practices including her refusal to violate the law by copying and mailing a deposition transcript, the copying of which was prohibited by federal and state law.


issues. Members of the firm including Laurence J. Zielke, Nancy Schook, John Dwyer and Janice Theriot repeatedly told Stuart that nothing unethical or illegal occurred.

9. On or about October 2014, Member Laurence J. Zielke requested Stuart to copy and mail a transcript of a deposition to counsel in a matter that was in litigation. Stuart informed Laurence J. Zielke that the deposition transcript indicated that it was a copyrighted document and copying the same would be a violation of federal copyright law. Stuart refused to make a copy of the deposition.

10. Laurence J. Zielke informed Stuart that she was being insubordinate and should do what he requested. Stuart remained steadfast and did not make a copy or mail the deposition transcript. After this incident the relationship between Laurence J. Zielke and Stuart significantly deteriorated.

11. From October through December 2014 Stuart was treated differently than other employees and did not receive similar work related benefits as other employees.

12. On or about December 30, 2014 Stuart's employment with the Zielke Firm was terminated in retaliation for her refusal to violate the law as set forth above.

13. Upon information and belief, Members of the Zielke Law Firm PLLC, including Laurence J. Zielke, John Dwyer and Janice Theriot, conspired to retaliate against Stuart by terminating her employment.

14. Based upon information and belief Stuart's termination was in retaliation for her inquiries about unethical and illegal practices including her refusal to violate the law by copying and mailing a deposition transcript, the copying of which was prohibited by federal and state law.

## COUNT 1 – WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY

15. Plaintiff adopts and incorporates the allegations contained in preceding paragraphs 1 through 14, as if fully set forth herein.

16. Zielke Law Firm terminated Stuart in retaliation for her inquiries regarding billing and her refusal to violate the law by copying and mailing a copyrighted deposition transcript to an unauthorized recipient.

17. Defendant's actions were a violation of public policy as Defendant was prohibited from terminating Stuart for her refusal to break federal and state law.

18. Stuart was damaged as a result of Defendant's conduct

## COUNT 2 – PUNITIVE DAMAGES

19. Plaintiff adopts and incorporates the allegations contained in preceding paragraphs 1 to 18 herein.

20. The conduct of Defendant, more particularly described in paragraphs 1 through 19 above was willful and/or wanton.

21. As a direct and proximate result of said aforesaid conduct, Stuart suffered injury and is entitled to punitive damages.

WHEREFORE, the Plaintiff, Jennifer Stuart, demands as follows:

1. Compensatory damages for injuries suffered;
2. Punitive damages, pursuant to KRS 411.184 and KRS 411.186;
3. Judgment against the Defendant, Zielke Law Firm PLLC;
4. Trial by jury on all issues so triable; and
5. Any and all other relief to which the Plaintiff may be entitled to, including

4

her reasonable attorney's fees and court costs.

Respectfully Submitted,

*[signature]*

Thomas E. Clay, P.S.C.
A. Pete Lay
CLAY DANIEL WALTON & ADAMS PLLC
101 Meidinger Tower
462 South Fourth St.
Louisville, KY 40202
tclay@tclaylaw.com
pete@justiceky.com
COUNSEL FOR PLAINTIFF

### VERIFICATION

I, Jennifer Stuart, state that I have read the foregoing Verified Complaint and state that the statements contained therein are true to the best of my knowledge and belief.

*[signature]*
JENNIFER STUART

Subscribed and sworn to before my by Jennifer Stuart on this ˡ day of December, 2015.

My commission expires: October 7, 2018

*[signature]*
NOTARY PUBLIC, KY STATE AT LARGE

5