UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00031-TBR

JENNIFER STUART,                                                              Plaintiff,

v.

ZIELKE LAW FIRM, PLLC,                                                       Defendant.

## MEMORANDUM OPINION AND ORDER

Jennifer Stuart filed this action in Jefferson County Circuit Court against her former employer, the Zielke Law Firm, PLLC, alleging that the Firm fired her in retaliation for questioning its illegal billing practices and for refusing to photocopy a deposition transcript ostensibly protected under the Copyright Act, 17 U.S.C. § 101, *et seq*. The Firm removed Stuart's action to this Court. *See* 28 U.S.C. § 1441(a). Now, Stuart asks the Court to remand this litigation for lack of federal-question jurisdiction. *See* 28 U.S.C. § 1447(c). Because Stuart's claim neither involves a substantial federal question, nor merits jurisdiction under the complete preemption doctrine, remand is the only appropriate course for the Court to follow. Accordingly, Stuart's Motion to Remand, R. 6, is **GRANTED**.

## I.

### A.

From 2009 to 2014, Jennifer Stuart worked as a paralegal and legal secretary for the Zielke Law Firm, PLLC. R. 1-1 at 3–4, ¶¶ 3, 6 (Complaint). In or about 2012, Stuart became aware of questionable billing practices at the Firm, such as billing time "for which work was not done" or "far in excess of the time actually worked." *Id.* at 4, ¶ 7. She asked her supervisors about those issues on multiple occasions from that time until

late 2014, but her supervisors told her "that nothing unethical or illegal occurred." *Id.* at 4–5, ¶ 8. Things reached a boiling point in October 2014 when Laurence J. Zielke instructed Stuart to photocopy and mail a deposition transcript to outside counsel. *Id.* at 5, ¶¶ 9–10. Stuart refused because "the deposition transcript indicated that it was a copyrighted document and copying [it] would be a violation of federal copyright law." *Id.*, ¶ 9. Although Zielke told Stuart that she was being insubordinate, Stuart continued to refuse to photocopy the deposition transcript. *Id.*, ¶ 10. In the months following that exchange, Stuart's relationship with Zielke deteriorated, and she was treated differently than her coworkers. *Id.*, ¶¶ 10–11. The Firm released Stuart from its employ on December 30, 2014, *id.*, ¶ 12, in retaliation "for her inquiries about unethical and illegal practices including her refusal to violate the law by copying and mailing [the] deposition transcript," *id.*, ¶ 14; *see also id.* at 6, ¶¶ 16–17.

**B.**

In response, Stuart filed this wrongful-termination action in Jefferson County Circuit Court, claiming her discharge violated Kentucky and federal law. *Id.* at 6, ¶¶ 15–18. Relying on 28 U.S.C. §§ 1331 and 1338(a), the Firm removed Stuart's action to this Court under 28 U.S.C. § 1441(a), *see* R. 1 at 1, ¶ 1 (Notice of Removal), and seeks to dismiss it per Federal Rule of Civil Procedure 12(b)(6), *see* R. 3 at 1 (Motion to Dismiss). Stuart moves to remand this action to Jefferson County Circuit Court. *See* R. 6 at 1 (Motion to Remand).

**II.**

The Firm may remove Stuart's state-court action only if she could have originally filed it in this Court. *See* 28 U.S.C. § 1441(a); *Everett v. Verizon Wireless, Inc.*, 460 F.3d

818, 821 (6th Cir. 2006).  As the party seeking removal, the Firm bears the burden of showing that the Court has such original jurisdiction.  *See Vill. of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 377 (6th Cir. 2008) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996)).  Any doubts as to the propriety of removal must be resolved against it.  *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Of the two flavors of this Court's original jurisdiction, *see* 28 U.S.C. §§ 1331–1332, this case concerns the one labeled "federal question," *see* R. 1 at 1–2, ¶¶ 1, 6.  The Court exercises such jurisdiction in "all civil cases actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and, more particularly, over "any civil action arising under any Act of Congress relating to . . . copyrights," 28 U.S.C. § 1338(a).  For statutory purposes, a case may "arise under" federal law in one of two ways.  *See Gunn v. Minton*, —— U.S. ——, ——, 133 S. Ct. 1059, 1064 (2013); *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012).

The first and most common avenue is fairly straightforward—when "federal law creates the cause of action asserted."  *Gunn*, —— U.S. at ——, 133 S. Ct. at 1064 (citing *Am. Well Workers Co. v. Layne & Bowler Co.*, 241 U.S. 254, 260 (1916)); *see also Hampton*, 683 F.3d at 711.  A civil action brought under 42 U.S.C. § 1983 is a good example.  In short, "if federal law provides the right to sue, the case may proceed in federal court."  *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014).

In contrast, the second route is a bit more abstract.  *See Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1064–65.  It brings into this Court's original jurisdiction a narrow and special category of state-law claims containing "significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490–91 (1917)).  The "classic example" of such a case is *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), in which a state court's "'decision [will] depend[] upon the determination' of 'the constitutional validity of an act of Congress which is directly drawn into question.'"  *Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1066 (quoting *Smith*, 255 U.S. at 201).  According to *Grable–Gunn*, jurisdiction over such state-law claims will lie "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Id.* at 1065; *see also Grable*, 545 U.S. at 314.

In most cases, federal courts use the "well-pleaded complaint" rule to determine whether a case "arises under" federal law, as discussed above.  Under that rule, this Court has jurisdiction only if "a federal question is presented on the face of [a] plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Most rules have exceptions, however, and this one is no different."  *Prince v. Appalachian Reg'l Healthcare, Inc.*, ⸺ F. Supp. 3d ⸺, ⸺, 2015 WL 8486179, at *2 (E.D. Ky. 2015).  That is, the well-pleaded complaint rule does not apply in cases of "complete preemption."  If a state law claim is completely preempted by federal law, then even an "ordinary state common-law complaint" is transformed "into one stating a

4

federal claim." *Caterpillar*, 428 U.S. at 393; *see also Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 323 (6th Cir. 2005).

## III.

Here, the Firm does not suggest that the Copyright Act (or federal law generally) creates Stuart's wrongful-termination claim—nor could it. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 759 (6th Cir. 2000) ("[I]t is clear that wrongful discharge is a state-law cause of action."). Instead, the Firm makes a more nuanced point. It argues that Stuart's wrongful-termination claim will require interpretation of the Copyright Act such that jurisdiction is present under either the substantial federal question or complete preemption doctrines. *See* R. 8 at 5–11 (Response to Motion to Remand); *see also* R. 3-1 at 6–7 (Memorandum in Support of Motion to Dismiss). But for the reasons discussed below, neither doctrine applies, meaning remand is the only appropriate course.

## A.

According to the Firm, federal-question jurisdiction lies over this wrongful-termination action because Stuart's claim hinges on a substantial federal question, *i.e.*, whether a deposition qualifies for protection under the Copyright Act. *See* R. 8 at 9–11. *Grable–Gunn*'s four-factor inquiry, however, makes the opposite clear: Stuart's claim does not arise under federal law.

## 1.

First, resolution of a federal question is not "necessary" to Stuart's wrongful-termination claim. *See Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1065. In the main, Stuart puts forth "alternate bases in state and federal law for the public policy in contravention of which [she] was discharged." *Long*, 201 F.3d at 760. Stuart's complaint alleges that

the Firm terminated her for refusing "to break state *and* federal law" in "retaliation for her inquiries regarding billing [discrepancies] *and* her refusal to violate the law by copying and mailing a copyrighted deposition transcript."   R. 1-1 at 6, ¶¶ 16–17 (emphasis added).   A fair reading of Stuart's complaint, then, offers an alternative state policy such that the Copyright Act is not necessarily essential to resolve her state-law wrongful-discharge claim.   *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.").

## 2.

Second, the Court is not entirely persuaded that the federal issue is actually disputed.   *See Gunn*, ––– U.S. at ––––, 133 S. Ct. at 1065–66.   While the Firm stresses that the Copyright Act provides no protection to a deposition transcript, *see* R. 3-1 at 7–11, Stuart has not responded to the substance of that argument.   In any event, the Court need not (and does not) resolve that point.

## 3.

Third, the federal issue involved is insubstantial because it lacks importance to the federal system as a whole.   *See Gunn*, ––– U.S. at ––––, 133 S. Ct. at 1066.   Stuart has brought a "garden-variety state tort claim."   *Hampton*, 683 F.3d at 712.   Although one possible theory supporting that claim might require construction of the Copyright Act as it relates to deposition transcripts, "the presence of a claimed violation of [a federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."   *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814

6

(1986); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (en banc); *Hampton*, 683 F.3d at 712–13.  The point rings all the more true where, as here, the federal issue presents itself as a simple "hypothetical 'case within a case,'" the resolution of which will "not change the real-world result" of any suit under the Copyright Act.  *Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1067.

The Firm suggests that, in seeking remand, Stuart "fails to appreciate the exclusive jurisdiction of federal courts over copyright law."  R. 8 at 11; *see also id.* at 2, 9; R. 3-1 at 6–7.  But allowing state courts to resolve hypothetical copyright questions will not "undermine 'the development of a uniform body of [copyright] law.'"  *Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1067 (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).  Instead, Congress ensured such "uniformity by vesting exclusive jurisdiction over actual [copyright cases] in the federal district courts."  *Id.*; *see also* 28 U.S.C. § 1338(a).  In resolving the nonhypothetical copyright questions presented in those cases, "federal courts are of course not bound by state court case-within-a-case [copyright] rulings."  *Gunn*, ⸺ U.S. at ⸺, 133 S. Ct. at 1067 (citing *Tafflin v. Levitt*, 493 U.S. 455, 465 (1990)).

In addition, the Firm objects that this Circuit has not addressed the novel question of what protection, if any, the Copyright Act affords to a deposition transcript.  *See* R. 8 at 1; R. 3-1 at 7–11.  Even taking the Firm's representation as true, however, that question will at some point be decided by a federal court in the context of an actual copyright case.  "If the question arises frequently, it will soon be resolved in the federal system, laying to rest any contrary state court precedent; if it does not arise frequently, it is unlikely to implicate substantial federal interests."  *Gunn*, ⸺ U.S. at ⸺, 133 S. Ct.

at 1067.  In sum, while resolution of that question might be important to the parties, it lacks significance to the federal system writ large.

**4.**

From the foregoing, it follows that the appropriate balance of federal and state judicial responsibilities favors remanding this action to state court.  *See Gunn*, ––– U.S. at ––––, 133 S. Ct. at 1068.  Congress has entrusted to state courts the bulk of employment-related litigation.  *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006) (holding a "state-law employment action for wrongful termination in violation of federal public policy" does not give rise to a substantial federal question); *accord Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1167–72 (5th Cir. 1988).  Moreover, "it is clear that wrongful discharge is a state-law cause of action."  *Long*, 201 F.3d at 759.  The Court sees no reason "to suppose that Congress—in establishing exclusive federal jurisdiction over [copyright] cases—meant to bar from state courts state [wrongful-termination] claims simply because they require resolution of a hypothetical [copyright] issue."  *Gunn*, ––– U.S. at ––––, 133 S. Ct. at 1068.  Stuart's claim does not contain a substantial federal issue such that it arises under federal law.

**B.**

Next, the Firm argues that the complete preemption doctrine provides a basis to remove Stuart's wrongful-termination action.  *See* R. 8 at 5–6.  It relies on *Ritchie v. Williams*, 395 F.3d 283, 285–87 (6th Cir. 2005), in which the Sixth Circuit Court of Appeals affirmed removal of an action because the Copyright Act completely preempts alternative state-law causes of action which are "equivalent to" those for copyright

infringement. The same result inures in this case, so the Firm says, because Stuart's wrongful-termination claim touches on issues of copyright too—albeit less directly. *See* R. 8 at 5–6. As explained below, however, the Firm misapprehends the complete preemption doctrine.

Ordinarily, preemption is a defense insufficient to give rise to federal-question jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Caterpillar*, 482 U.S. at 398. In certain cases, though, the preemptive force of a federal statute is "so extraordinary that 'any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim.'" *Mikulski*, 501 F.3d at 563 (quoting *Caterpillar*, 482 U.S. at 393). For that to be true, Congress must provide a cause of action parallel to the preempted state-law claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7–8 (2003); *Mikulski*, 501 F.3d at 564; *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260–61 (6th Cir. 1996); *Dillon*, 992 F. Supp. 2d at 760. Otherwise, there would be "nothing into which to convert" the state-law claim. *Dillon*, 992 F. Supp. 2d at 758.

Congress has done just that, for example, with causes of action which are "equivalent to" those for copyright infringement. *See Ritchie*, 395 F.3d at 285–87. It has not done so, however, for run-of-the-mill, common-law claims for wrongful termination of the sort Stuart asserts here. *See Long*, 201 F.3d at 759. Though it might be necessary to interpret the Copyright Act to adjudicate that claim, Stuart's action does not assert a "claim for *relief* . . . arising under" the Copyright Act. 28 U.S.C. § 1338(a) (emphasis added); *see Proffitt v. Owensboro Med. Health Sys.*, No. Civ.A. 4:05-CV-101-M, 2005 WL 2458014, at *4 (W.D. Ky. Oct. 3, 2005). Because Congress has not provided an

exclusive remedy for state-law wrongful-termination claims—even those which, arguably, require interpreting the Copyright Act—the complete preemption doctrine is of no moment.[1]  *Cf. Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995) (en banc) (finding the complete preemption doctrine inapplicable where no "cause of action created by ERISA [could] fairly be read to supersede [an] age discrimination claim").

## C.

Having prevailed on her motion to remand, Stuart asks the Court to award her attorneys' fees in the amount of $2,944.00.  *See* R. 6 at 2.  28 U.S.C. § 1447(c) allows the Court, in its discretion, to award Stuart "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Generally speaking, such "fee awards are inappropriate unless 'the removing party lacked an objectively reasonable basis for seeking removal.'"  *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059–60 (6th Cir. 2008) (asking whether removal was "objectively reasonable" or "fairly supportable").

In this case, the objective reasonableness of removal is a close call.  The Firm based removal of Stuart's wrongful-termination claim, ostensibly, on the presence of a substantial federal question and in reliance on the complete preemption doctrine.  *See* R. 1 at 1–2, ¶¶ 1–2, 6.  Yet, an analysis of *Eastman* and *Gunn*, and a more thorough reading of *Ritchie*, could have "keyed [the Firm] into the fact that neither [the] complete preemption" nor the substantial federal question doctrines provided this Court with jurisdiction over Stuart's claim.  *Moore v. Highlands Hosp. Corp.*, Civil No. 11-131-

---

[1] The Court expresses no view on the merits of ordinary preemption as a possible defense to Stuart's wrongful-termination claim.  That question "must be addressed in the first instance by the state court in which" Stuart filed her claim.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398 n.13 (1987).

ART, 2011 WL 5598907, at *5 (E.D. Ky. Nov. 17, 2011).  Still, the Firm filed its notice of removal promptly, and it does not appear that it removed Stuart's action "to delay litigation" or to "impose additional litigation costs" on her.  *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010).  Moreover, neither the Firm nor Stuart pointed the Court to *Eastman* or *Gunn*, or any directly-controlling authority.  *See Proffitt*, 2005 WL 2458014, at *4.  The Court does not question the good faith of the Firm in removing Stuart's case to this Court.  Accordingly, the Court declines to award fees and costs to Stuart.

## IV.

**IT IS HEREBY ORDERED** that Plaintiff Jennifer Stuart's Motion to Remand, R. 6, is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), the action styled *Jennifer Stuart v. Zielke Law Firm, PLLC*, Case No. 15-CI-06535, is **REMANDED** to Jefferson County Circuit Court, Division Ten.

**IT IS FURTHER ORDERED** that Defendant Zielke Law Firm, PLLC's Motion to Dismiss, R. 3, is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Jennifer Stuart's Motion to Suspend Deadlines to Respond to Defendant's Motion to Dismiss, R. 5, is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date:

cc:      Counsel of Record

11